IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA COUTURE,<br><br>    Plaintiff,<br><br>    v.<br><br>HOFFMAN-LA ROCHE, INC., ROCHE LABORATORIES, INC., MYLAN BERTEK PHARMACEUTICALS, INC. f/k/a BERTEK PHARMACEUTICALS, INC., MYLAN PHARMACEUTICALS, INC., MYLAN, INC. f/k/a MYLAN LABORATORIES, INC., CARDINAL HEALTH 409, INC. f/k/a R.P. SCHERER CORPORATION, GENPHARM ULC, MCKESSON CORPORATION, and DOES 1 through 100,<br><br>    Defendants.<br>_____/ | No. C-12-2657 PJH<br><br>**ORDER GRANTING MYLAN DEFENDANTS' MOTION TO STAY PROCEEDINGS** |

    Now before the court is the motion of defendants Mylan Bertek Pharmaceuticals, Inc., Mylan Pharmaceuticals, Inc. and Mylan Inc. ("Mylan Defendants") to stay proceedings pending a transfer by the Judicial Panel on Multidistrict Litigation ("JPML") to MDL 1626. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the Mylan Defendants' motion for the following reasons.

**Background**

    On May 21, 2012, plaintiff Amanda Couture ("Couture") filed this action in the Superior Court of California, County of San Francisco. Couture's claims arose from personal injuries sustained while taking a pharmaceutical equivalent of a brand-name drug known as Accutane®, which is used to treat acne.

Couture's complaint asserts ten counts against the defendants. The claims are based on negligence, strict product liability - failure to warn, strict product liability - defective design, negligent misrepresentation, as well as punitive damages.

On May 23, 2012, the Mylan Defendants removed the case to this court, alleging diversity jurisdiction. One of the defendants - McKesson Corporation - is a citizen of California (as is Couture), but the Mylan Defendants claim that McKesson Corporation was not "properly joined" pursuant to 28 U.S.C. § 1441(b). Alternatively, the Mylan Defendants claim McKesson Corporation was fraudulently joined to destroy diversity jurisdiction.

On November 1, 2004, the JPML transferred four civil actions involving Accutane® to MDL 1626 for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See In re: Accutane Products Liability Litigation, MDL No. 1626, 343 F.Supp.2d 1382, 1383 (J.P.M.L. 2004). The JPML found that the civil actions dealt with similar questions of fact related to "the development, testing, manufacturing and marketing of Accutane," as well as the "defendants' knowledge concerning the drug's possible adverse effects." Id. Since then, 53 additional actions have been transferred to the MDL court located in the Middle District of Florida and have been assigned to the Honorable James S. Moody, Jr. See Defs' Motion to Stay, Ex. A. Other actions have also been "tagged" for possible transfers including the instant action. The JPML issued Conditional Transfer Order No. 47 in the present case on May 30, 2012. See id.

On July 6, 2012, the court issued an order vacating the hearing on the motion to stay, and the motion to remand, and stated that it would first address the motion to stay.

**Discussion**

**A.   Legal Standard**

According to 28 U.S.C. § 1407, the JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). In relation, a conditional transfer order "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the

2

pretrial jurisdiction of that court." J.P.M.L. R. 2.1(d). As such, a district court still has the discretion to control its docket and stay proceedings. See Landis v. North American Co., 299 U.S. 248, 254-55 (1936).

When determining whether to stay proceedings pending a JPML transfer, courts evaluate factors such as "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997) (citation omitted).

In addition, deference to the MDL court for resolution of a motion to remand often provides "the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Nielsen v. Merck and Co., 2007 WL 806510 at *1 (N.D. Cal. Mar. 15, 2007) (citing Conroy v. Fresh Del Monte Produce, Inc., 325 F.Supp.2d 1049, 1053 (N.D. Cal. 2004)).

### 1. Judicial Resources and Avoiding Duplicative Litigation

The Mylan Defendants contend that a stay of proceedings will help save judicial resources and promote judicial efficiency. In contrast, Couture argues judicial efficiency will not be served by granting the Mylan Defendants' motion to stay.

When evaluating a motion to stay proceedings pending a transfer to a MDL court, a primary factor to consider is the preservation of judicial resources. See Rivers, 980 F.Supp. at 1360-61. Staying an action pending transfer can help prevent duplicative litigation and inconsistent rulings. See id. Other courts, including courts within the Northern District, have granted motions to stay in order to preserve judicial resources, even where motions to remand are also pending. See Freitas v. McKesson Corp., 2012 WL 161211 (N.D. Cal. Jan. 10, 2012); see also McCrerey v. Merck & Co., 2005 WL 6124182 (S.D. Cal. Mar. 3, 2005).

Here, the court finds that granting the Mylan Defendants' motion to stay pending a transfer to the MDL court will help save judicial resources and prevent inconsistent rulings. Most importantly, another judge in this district recently granted a motion to stay in a similar

3

action, which deals with many of the same issues. See <u>Scroggins v. Hoffman-La Roche, Inc.</u>, 2012 WL 2906574 (N.D. Cal. July 16, 2012). Should this court deny the Mylan Defendants' motion, inconsistent rulings and/or duplicative litigation may result.

Judicial economy will also be served by granting the Mylan Defendants' motion to stay because MDL 1626 has been established to address similar questions of fact related to Accutane®. Moreover, 53 actions have been transferred to MDL 1626 and the MDL court has already dealt with some of the defendants in the present case. Because Couture's complaint relies substantially on aspects related to the development of Accutane®, granting the Mylan Defendants' motion to stay pending a transfer to the MDL court will promote judicial economy.

### 2. Potential Prejudice to Couture

Couture claims she will experience prejudice if this court grants the Mylan Defendants' motion to stay. More specifically, Couture argues her motion to remand will "languish for months, if not years" in the MDL court and she will experience prejudice because it will take a long time to find out what choice of law will apply in her case. See Pl.'s Opp'n Br. at 9.

Another factor to consider when evaluating a motion to stay pending a transfer to a MDL court is "potential prejudice to the non-moving party." <u>Rivers</u>, 980 F.Supp. at 1360; see also <u>Freitas</u>, 2012 WL 161211 at *2-3. In <u>Freitas</u>, the court recently granted a defendant's motion to stay where the plaintiffs partly and erroneously argued that they would experience prejudice if their case was transferred to a MDL court, rather than if the district court granted the defendant's motion to stay. <u>Id.</u>

Here, Couture similarly argues in part that she will experience prejudice if her case is transferred to the MDL court, instead of demonstrating how she will experience prejudice if the Mylan Defendants' motion to stay is granted. In addition, Couture's argument that she will experience prejudice by not knowing what choice of law will apply in her case, fails to recognize that the defendants would be in the same position.

Accordingly, the court finds Couture has failed to demonstrate how she will be

4

prejudiced if the Mylan Defendants' motion to stay is granted. In contrast, the court also finds that the Mylan Defendants face potential hardship if their motion is denied because they risk having to litigate in multiple fora.

### 3.     Motion to Stay Versus Motion to Remand

Couture's main argument in opposition to the Mylan Defendants' motion is that this court should first address any jurisdictional issues, including those raised in her motion to remand, before deciding whether to stay the proceedings.

When confronted with a motion to stay proceedings pending a transfer to a MDL court, as well as a motion to remand, courts *may* engage in a three-step inquiry. See Conroy, 325 F.Supp.2d at 1053 (citing Meyers v. Bayer AG, 143 F.Supp.2d 1044, 1048-49 (E.D. Wis. 2001)). Courts first examine "the merits of the motion to remand" and then proceed to evaluate jurisdictional issues. Id. (citation omitted). Nevertheless, "[t]he Ninth Circuit has not expressly adopted this approach." Id.; see also Freitas, 2012 WL 161211 at *2 (this approach is not mandated by the Ninth Circuit and "other courts in the Northern District . . . have made clear that courts are *not* bound to preliminarily consider the merits of a remand motion before considering a motion to stay").

In Marble v. Organon USA, Inc., the court recently decided to grant the plaintiffs' motion to remand and denied the defendants' motion to stay, which also included McKesson Corporation as a defendant. 2012 WL 2237271 (N.D. Cal. June 15, 2012). The court explained that the main difference in cases where it did grant a motion to stay pending a transfer to a MDL court is that "those decisions revolved around considerations of judicial economy and preventing inconsistency." Id. at *2.

The court found that because no other case dealing with the same pharmaceutical drug at issue listed McKesson Corporation as a defendant, it was appropriate to deny the defendants' motion to stay and consider the plaintiffs' motion to remand; and that ruling on the plaintiffs' motion to remand was in line with promoting judicial economy. Id. at *3.

In this case, there is at least one other action pending within this judicial district, which presents similar jurisdictional issues and is awaiting a decision from the JPML on

5

whether the case will be transferred to MDL 1626. In that case, the court recently granted the defendants' motion to stay and deferred the plaintiffs' motion to remand. Scroggins, 2012 WL 2906574. Should this court rule differently, it would result in inconsistent rulings and could potentially create duplicative litigation.

In addition, MDL 1626 has previously granted a motion to remand a California case, which included McKesson Corporation as a defendant. See Shellhammer v. Roche Laboratories, Inc., 2008 WL 2782689 (M.D. Fla. July 16, 2008). Thus, the MDL court has itself dealt with jurisdictional issues similar to that raised in plaintiff's motion to remand.

Accordingly, the court finds that a stay of these proceedings will likely promote judicial economy and will not result in undue prejudice to plaintiff. Should the case be transferred to the MDL court, that court will rule on the motion to remand. Of course, should the transfer not be finalized, plaintiff need only re-notice her motion to remand on this court's calendar. For now, the motion is terminated without prejudice.

**Conclusion**

For the foregoing reasons, the court hereby GRANTS the Mylan Defendants' motion to stay proceedings pending a transfer to MDL 1626.

**IT IS SO ORDERED.**

Dated: July 25, 2012

Phyllis J. Hamilton
UNITED STATES DISTRICT JUDGE

6